TUPUSEMANUIA M. TAUOA, Claimant

v.

MALELE A. MUAGUTUTI'A, Objector

[In the matter of the Registration of the Matai Title
"MUAGUTUTI'A of the Village of Faga'itua]

High Court of American Samoa
Land and Titles Division

MT No. 2-86

April 18, 1990

Before REES, Associate Justice, TAUANU'U, Chief Associate Judge,
VAIVAO, Associate Judge, AFUOLA, Associate Judge, and
MATA'UTIA, Associate Judge.

Counsel: For Claimant, Utu Sinagege R.M.
For Objector, Tau'ese P.F. Sunia

On Motion for New Trial:

1

On March 6, 1990, the date scheduled for trial of this matai title case, only claimant Tupusemanuia appeared in Court. Tupusemanuia and his counsel informed the Court that a family meeting had been held the day before, at which Malele had announced that he would withdraw his objection. On the strength of this representation (and also because the record reflected that Malele knew about the trial, having been present in Court when the trial date was announced) the Court proceeded to hear the testimony of Tupusemanuia and to render judgment in his favor.

The Court's opinion also noted, however, that Malele would have until 4:00 p.m. on March 19, 1990, to file a motion for reconsideration and/or new trial. This was in accordance with A.S.C.A. § 43.0802(a), which provides that a motion for new trial shall be filed within ten days after announcement of the judgment. The section also makes the timely filing of such a motion a prerequisite to any appeal.

On March 21, 1990, Malele filed a motion for new trial. He alleges that he never told anyone that he intended to withdraw his claim to the title, and that his failure to appear in Court on the trial date was due to illness.

At the outset we note that the motion for new trial was filed two days late. The statutory deadline for filing motions for reconsideration or new trial has been held to be jurisdictional; if no such motion is filed within the requisite ten days, the Court no longer has power to reconsider or amend its judgment and the losing party no longer has a right to appeal. *Fai'ivae v. Aumavae*, AP No. 2-76; *see generally Judicial Memorandum No. 2-87*, 4 A.S.R.2d 172 (1987). A motion for relief from a judgment more than ten days old can be granted only under the very limited circumstances set forth in Rule 60(b) of the Trial Court Rules of Civil Procedure. *See Amerika Samoa Bank v. Pritchard*, 5 A.S.R.2d 106 (1987). Relief under Rule 60(b) is not available to a party who could have raised the same claims or defenses by motion for new trial but did not get around to it. *See Wray v. Wray*, 5 A.S.R.2d 34, 43-44 (1987).

The explanation proffered by Malele for the late filing of this motion is that he had consulted prior to trial with someone in the Office of the Public Defender and had been under the impression that the Public Defender was representing him. Upon receiving a copy of the judgment he attempted a further consultation with the Public Defender and learned that the Public Defender cannot represent him in this non-criminal matter. He consulted with his present counsel on March 18, when there

2

was still one day left in which to file a motion for new trial.  This counsel was willing to represent Malele on a motion for new trial, but told him --- without bothering to look at the date of the judgment --- to come back with some money for a "retainer."  Malele apparently followed this instruction, and on March 21 his new counsel got around to looking at the Court's opinion.  Noticing at last that the filing deadline had expired, counsel nevertheless immediately filed a motion for new trial and hoped for the best.

Needless to say, this is the sort of conduct that leads to disciplinary action and to malpractice liability.  The attitude that an attorney or legal practitioner has no ethical obligations toward a client or prospective client until he has been paid some money is incorrect and dangerous.

> An attorney-client relationship ordinarily rests on contract, but it is not necessary that the contract be express or that a retainer be requested or paid.  The contract may be implied from conduct of the parties. . . . The relationship is created when (1) a person seeks advice or assistance from an attorney, (2) the advice or assistance sought pertains to matters within the attorney's professional competence, and (3) the attorney expressly or impliedly agrees to give or actually gives the desired advice or assistance.

*Kurtenbach v. TeKippe*, 260 N.W.2d 53, 56 (Iowa 1977) (citations omitted).

Although mere consultation with a prospective client does not always give rise to the full panoply of attorney-client obligations, it imposes at the very least a duty not to induce detrimental reliance on the part of the prospective client.  A lawyer or legal practitioner who indicates his willingness to take a particular case if a retainer is paid, without even inquiring into the existence of any impending deadlines in the case, runs a great risk of inducing such reliance.

If the present motion were otherwise meritorious, we would have to decide whether the delay in filing it was due to "excusable neglect" within the meaning of Rule 60(b).  If so, the judgment could be set aside; if not, Malele would be left to seek whatever satisfaction he might derive from a malpractice suit against his counsel.

3

The circumstances surrounding Malele's absence from the trial, however, are such that a motion for new trial would not have been granted even if it had been timely filed. At the hearing on this motion Malele testified that he knew about the trial but was too sick to appear in Court. He testified that he called his place of employment to say he would not be coming to work, but that he did not call the Court because he did not know the telephone number. He also testified, however, that he has a telephone directory at home. He further testified that many members of his family support his claim to the Muagututi'a title. It is inconceivable that a serious contender for a matai title who was sufficiently lucid to call in sick from work would not also arrange for someone to appear in Court to explain his absence at the scheduled trial. Malele's inability to explain why he neither made such arrangements nor even made a telephone call to the Court, to his opponent Tupusemanuia, or to some friend or relative in an effort to seek a postponement, lends strong support to the version of events originally offered by Tupusemanuia.

We conclude that Malele did agree, however grudgingly, to withdraw his objection; that he may or may not have been ill on the day of trial, but in any case did not care enough to appear in Court or to explain his absence; and that he later had a change of heart, perhaps upon receiving the Court's opinion with its faint praise for Tupusemanuia and its reminder that he, Malele, could still seek a new trial. On these facts a motion for new trial should be denied even if timely filed.

In conclusion, the motion for new trial is untimely and the Court therefore has no jurisdiction to consider it. Treating the motion as one for relief from judgment under Rule 60(b), it is denied for failure to state a meritorious claim.

It is so ordered.